﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190813-19274
DATE: March 31, 2020

ORDER

A total disability rating due to individual unemployability is granted from August 1, 2018.

FINDINGS OF FACT

1. From August 1, 2018, the Veteran had two or more service-connected disabilities, one of which was rated at 40 percent or more, and which combine to 70 percent or more.

2. From August 1, 2018, the evidence establishes that the Veteran has not been able to secure or maintain substantially gainful employment due to his service-connected disabilities.

CONCLUSION OF LAW

From August 1, 2018, the criteria for a total disability rating for individual unemployability due to service-connected disabilities have been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 4.15, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from July 1969 to June 1972.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). In August 2019, the Veteran filed a notice of disagreement selecting direct review of the evidence considered by the RO.

A TDIU may be assigned if the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16(a). To be considered for assignment of a schedular TDIU the Veteran’s service-connected disabilities must meet the following criteria: (1) if there is only one such disability, this disability shall be ratable at 60 percent or more; or (2) if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. Id. A TDIU is available only where the schedular rating is less than total. Id.

The Veteran’s service-connected disabilities include PTSD, rated at 70 percent from April 23, 2014; prostate cancer, rated at 100 percent from August 8, 2015, at 60 percent from August 1, 2018, and at 40 percent from October 1, 2018; traumatic brain injury, rated at 10 percent from May 3, 2013; tension headaches associated with the traumatic brain injury, noncompensable from May 3, 2013; erectile dysfunction associated with PTSD, noncompensable from June 11, 2015; and, a left thumb scar, noncompensable from July 1, 1972. 

The Veteran’s claim was received May 25, 2018. Until August 1, 2018, the Veteran was in receipt of a total rating and therefore was ineligible for a TDIU. 38 C.F.R. § 4.16. From August 1, 2018, the Veteran’s rating was less than total, and he had multiple service connected disabilities combining to 70 percent or more, with at least one rated at 40 percent or more. Accordingly, the first criterion is met from August 1, 2018, and the Board will consider whether the Veteran was unemployable from this date.

A veteran is unemployable if he or she is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16(a). A substantially gainful occupation is one earning more than marginal income (outside of a protected environment), as determined by the U.S. Department of Commerce as the poverty threshold for one person. Ray v. Wilkie, 31 Vet. App. 58, 72–73 (2019). In evaluating a veteran’s ability to secure and follow a substantially gainful occupation, consideration may be given to his or her level of education, skills and training, and previous work experience, but not to age or impairment caused by non-service-connected disabilities. Id.; 38 C.F.R. §§ 3.341, 4.16, 4.19. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. The question is whether the veteran has the physical and mental ability to perform the types of activities required by the occupation at issue, not whether the veteran can find employment. Id.; 38 C.F.R. § 4.16(a).

Turning to the evidence, the Veteran worked for a state department of transportation from September 2009 to October 2017. He has not worked since then.

The Veteran’s psychiatric disorder is currently rated at 70 percent from April 23, 2014, based on findings that he experiences suicidal ideation, difficulty adapting to stressful circumstances, disturbances of mood and motivation, chronic sleep impairment, and depressed mood.

At an April 2017 VA examination for the Veteran’s traumatic brain injury the Veteran reported mild memory loss, forgetting names, faces, and appointments; getting easily overwhelmed with a lot of information; mood instability, including preferring to “be with myself instead of other coworkers”; and, experiencing dizziness. The examiner found that memory impairment and the ability to process complex information would impact the Veteran’s ability to work.

At an April 2017 VA examination for headaches, the Veteran reported daily headaches which come and go and which he rated 5 out of 10 on a pain scale. The examiner found that headaches did not impact the Veteran’s ability to work, as they were mild and alleviated by over-the-counter medication. The Veteran denied ever missing work due to headaches.

An April 4, 2018 VA examiner reported that due to the Veteran’s residuals of prostate cancer treatment he experienced daytime urinary frequency every one to two hours, with leakage. In the examiner’s opinion, the prostate cancer did not impact the Veteran’s ability to work.

The Veteran’s private doctor, Dr MBE, completed a disability benefits questionnaire on May 30, 2018. He found that the Veteran’s prostate cancer disability caused a daytime urinary frequency interval less than 1 hour, requiring absorbent material which must be changed more than 4 times per day. Dr MBE explained that these symptoms affected the Veteran’s ability to work because he would need immediate access to the restroom and would need undergarments.

At a June 21, 2018 VA examination, the Veteran’s urinary voiding interval was every 2 to 3 hours. In the examiner’s opinion, the prostate cancer did not impact the Veteran’s ability to work. 

Dr MBE submitted a December 12, 2018 letter explaining that because of the Veteran’s prostate cancer he was unable to engage in gainful employment due to significant urinary incontinence that could not be controlled in a workplace setting.

Based on all the evidence, the Board finds that the Veteran has been unemployable due to service-connected disabilities since August 1, 2018. The Board finds that the preponderance of the evidence establishes that the Veteran’s prostate cancer treatment caused irreversible urinary incontinence and that the line of work in which he has experience and training would not allow him to access to the restroom with the frequency he would need. Compared to the VA examination reports, the letter and disability benefits questionnaire from Dr MBE are more probative regarding the functional limitation of this disability, because Dr MBE offered a reasoned opinion and because Dr MBE has treated the Veteran for nearly two decades, making him more familiar with the Veteran’s symptomatology. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302 (2008).

Moreover, the Veteran’s service-connected traumatic brain injury was found to impair his memory and ability to process complex information, which the examiner opined impacts the Veteran’s ability to work. Finally, the Veteran’s psychiatric disability has been found to cause suicidal ideation, difficulty adapting to stressful circumstances, disturbances of mood and motivation, chronic sleep impairment, and depressed mood, all of which also interfere with the ability to gain and maintain employment. 

Given this evidence, a total disability rating due to individual unemployability is granted from August 1, 2018. 38 C.F.R. §§ 3.340, 4.3, 4.16(a).

 

 

K. Parakkal

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Davis, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.